

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANGELO ROSARIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:02-CV-0207 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On July 19, 2002[2], petitioner ANGELO ROSARIO filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20020022838, which occurred on or about September 23, 2001. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 338th Judicial District Court of Harris County, Texas, in Cause

---

[1] The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

[2] See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's pro se federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing). Although petitioner has certified in his habeas application that he deposited the same into the prison mail system on March 28, 2002, the application was not filed by the Clerk until July 19, 2002. Limitations, however, is not an issue in this case so the point is moot.

No. 479946, for the felony offense of murder with a deadly weapon. On November 30, 1987, petitioner was sentenced to life imprisonment in the Texas Department of Criminal Justice.

On or about September 23, 2001, petitioner was accused, in Disciplinary Case No. 20020022838, with a level 1, code 1.1 offense, specifically, attempted escape, and with a level 2, code 27 offense, being out of place. On September 25, 2001, petitioner was informed of his right to call and question witnesses, to present documentary evidence, to be represented by counsel substitute, and to call and question the charging officer at the hearing. On October 1, 2001, a disciplinary hearing was held.

At the disciplinary hearing, petitioner, represented by counsel substitute, entered a plea of not guilty to the charged offenses. Petitioner was found guilty of the charged offenses based on the offense report and the charging officer's testimony. The punishment assessed included a 45 day recreation, commissary, and property restriction, 45 day cell restriction, a reduction in line class status from a S3 to L1, and the loss of 100 days of good time credits. At some point thereafter, the attempted escape charge was dropped and punishment was administratively modified to reflect 30 days loss of good time credits instead of 100 days. The other punishment remained the same. *See* Respondent's Answer, Exhibit D, Step 1 Offender Grievance Form dated October 15, 2001.

Petitioner filed a Step 1 Offender Grievance Form on October 15, 2001, such being denied on January 4, 2002. Petitioner then filed his Step 2 Offender Grievance Form on January 17, 2002 and such was denied on January 30, 2002.

II.
GROUNDS

In support of his contention that the evidence was insufficient to support a finding of guilt in Disciplinary Case No. 20020022838, petitioner presents the following grounds:

A. He was denied due process in his disciplinary proceeding;

B. The charging officer testified that petitioner was within his view at all times related to the incident;

C. He attempted to gain entrance into a building to use the restroom but since he had been "counted" outside he was denied access and forced to relieve himself outside at the side of the building;

D. The hearing officer was drunk and forgot to count eight (8) days spent by petitioner in pre-hearing detention resulting in his serving fifty-three (53) instead of forty-five (45) days;

E. Another inmate (Bernard Washington) observed and overheard TDCJ officers Sgt. Shields and Lt. Boland conspiring against petitioner by ordering the charging officer, Officer Harris, to charge petitioner with attempted escape and petitioner witnessed this from inside a building;

F. Petitioner was discriminated against in that his punishment was more severe than other similarly situated prisoners because he is black and his religion is Islam;

G. At the disciplinary hearing, counsel substitute Boehning did not give a full account of offender witness Washington's testimony related to the conspiracy;

H. Petitioner was subjected to excessive force in that Sgt. Shields handcuffed him too tightly;

I. TDCJ officials' actions resulted in the loss of petitioner's personal property including his collection of newspaper clippings and his shower shoes. Petitioner had planned to write a book based upon the newspaper clippings and thus he was also deprived of millions in royalties; and

J. Lt. Boland hired another inmate to attack petitioner while he was in pre-hearing detention.

III.
PROCEDURAL BAR AND ELIGIBILITY FOR
RELEASE TO MANDATORY SUPERVISION

Respondent has argued petitioner did not raise Grounds D, H, I, and J in his Step 1 and Step 2 administrative appeals, therefore, he has not exhausted those claims and is thus procedurally barred from presenting them herein. The undersigned agrees.

All prisoners who committed offenses prior to September 1, 1987 were eligible for mandatory supervision release. The statute in effect at that time stated,

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time served plus any accrued good conduct time equal the maximum term to which he is sentenced.

TEX. CODE CRIM. PRO. Art. 42.18 § 8© (Vernon 1987). Petitioner committed the offense of murder with a deadly weapon, January 4, 1987. He was sentenced to life in prison. Respondent has argued that petitioner is "factually ineligible for mandatory supervision due to the nature of his underlying sentence of life imprisonment." (Respondent's Answer at 11). Respondent is correct. A term of life imprisonment does not have a maximum term or discharge date other than death. It is not logistically possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. As stated in *Brown v. Cockrell*, 2002 WL 638584, *3, 3:01cv1425-R (N.D. Tex. April 17, 2002),

> However, a life sentence is not capable of calculation under the mandatory supervision statute. *See Randall v. Cockrell,* 2001 WL 1597829, No. 3:01cv 530-X (N.D.Tex. Dec. 11, 2001); *Elliott v. Johnson,* 2001 WL 123984, 3:01cv1425-R (N.D.Tex. Jan. 16, 2001). The Texas Court of Criminal Appeals recently reached the same conclusion in *Ex parte Franks,* 71 S.W.3d 327, 2001 WL 1636423 (Tex.Crim.App. Dec. 19, 2001) (No. 74,123). It explained: "Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Id.* at 2. Therefore, Petitioner is not eligible for mandatory supervised release on his life sentence.
>
> Because Petitioner is not entitled to early release or mandatory supervision, the loss of good-time credits in his case does not affect the fact or duration of his sentence and, therefore, does not deprive him of a liberty interest.

## IV.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

A state, however, may create a liberty interest in good time credit. The State of Texas has done so by creating a right to earned good time credits for prisoners who are eligible for mandatory supervision release. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Since petitioner ROSARIO is not eligible for release to mandatory supervision, he is not entitled to federal habeas corpus relief.

Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application alleging due process violations in a prison disciplinary case should be DENIED.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANGELO ROSARIO be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this _14th_ day of April 2005.

                                    CLINTON E. AVERITTE
                                      UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).